## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Indemnity Insurance Company of North America, as subrogee of Velcro de Mexico SA DE CV ) ) ) v. ) ) Celtic International, LLC, Manchester Motor Freight, ) Inc. and CSX Transportation, Inc. ) | **COMPLAINT AND JURY DEMAND** |

## PARTIES

1. Indemnity Insurance Company of North America ("IINA" or "Plaintiff") is a Pennsylvania insurance Business Corporation with a business address at 2 Liberty Place, 1601 Chestnut Street, Philadelphia, Pennsylvania 19192.

2. Celtic International, LLC ("Celtic") is a Delaware Limited Liability Company with a business address at 8505 W 183rd Street, Suite H, Tinley Park, Illinois 60487.

3. Manchester Motor Freight, Inc. ("MMF") is a New Hampshire Profit Corporation with a business address at 183 Hayward Street, Manchester, New Hampshire 03103.

4. CSX Transportation, Inc. is a Virginia Stock Corporation with a business address at 500 Water Street, 15th Floor, Jacksonville, Florida 32202.

## JURISDICTION

5. This court has original subject matter over this action pursuant to 49 U.S.C. §14706(d) and/or 49 U.S.C. §11706(d).

## GENERAL ALLEGATIONS

6. On or before May 28, 2020, Velcro of Mexico purchased forty-eight (48) spools of Velcro Plasma Treated USA-8430-3 2X25.4MM3000YD fasteners (the "Velcro spools") from Velcro USA, Inc.

7. Velcro de Mexico Sa DE CV ("Velcro of Mexico") is a subsidiary of Velcro USA. Inc. located in Guanajuato, Mexico.

8. On or before May 28, 2020, Velcro of Mexico entered into a line-haul agreement whereby Celtic agreed to transport for compensation the Velcro spools from Velcro USA

Inc.'s, facility located at 95 Sundial Avenue, Manchester, NH (the "Velcro USA facility") to Guanajuato Logistics Center, Silao, Guanajuato, Mexico.

9. At all times relevant hereto, Celtic was a motor carrier registered with the Federal Motor Carrier Safety Administration.

10. At all times relevant hereto, Celtic acted as a carrier and/or freight forwarder pursuant to 49 U.S.C. §14706.

11. Celtic arranged for, and was authorized by Velcro of Mexico to, transport the Velcro spools.

12. Celtic was legally bound to transport the Velcro spools from Velcro USA's facility to Guanajuato Logistics Center, Silao, Guanajuato, Mexico.

13. On or before May 28, 2020, Celtic arranged for MMF to transport the Velcro spools from the Velcro USA facility to CSX's railway terminal located in Worcester, Massachusetts.

14. At all times relevant hereto, MMF was a motor carrier registered with the Federal Motor Carrier Safety Administration.

15. At all times relevant hereto MMF acted as a carrier subject to the provisions of 49 U.S.C. §14706.

16. On or about May 28, 2020, MMF received the Velcro spools for transport from Velcro USA's facility to Silao, Guanajauto, Mexico pursuant to a Straight Bill of Lading – Short Form (the "Bill of Lading).

17. On or about May 28, 2020, MMF received the Velcro spools at Velcro USA's facility in good condition.

18. On or about May 28, 2020, MMF delivered the Velcro spools to CSX at CSX's railway terminal located in Worcester, Massachusetts.

19. The Velcro spools were delivered to CSX in good condition.

20. At all times relevant hereto, CSX acted as the receiving rail carrier pursuant to 49 U.S.C. §11706(a)(1).

21. On or about June 17, 2020, seventeen (17) of the Velcro spools arrived at their destination at Guanajuato Logistics Center, Silao, Guanajuato, Mexico in damaged condition.

22. Due to the damaged condition of the seventeen (17) Velcro spools, they had to be destroyed resulting in a loss (the "loss") to Velcro of Mexico of $27,530.72.

23. On or about July 3, 2020, Velcro of Mexico submitted a claim (the "notice of claim") for the loss to Celtic.

24. On or after July 31, 2020, Celtic responded to the notice of claim with a document purporting to provide a "summary of findings" on the loss ("Celtic's Report.")

25. According to Celtic's Report, there was a piece of metal sticking out from the inside wall of the shipping container which could have damaged the Velcro spools.

26. Celtic has not provided written notice to Velcro of Mexico that Celtic has disallowed any part of its claim.

27. On or before July 31, 2020, Celtic submitted a claim for the loss to CSX.

28. On or after July 31, 2020, CSX forwarded a letter to Celtic denying liability for the loss and stating that the Velcro spools were at its ramp in Bedford, Illinois from May 30, 2020 to June 6, 2020 and that no damage to the Velcro spools was noted.

29. At all times relevant hereto, the Velcro spools were insured against loss pursuant to a policy of insurance issued by IINA (the "Cargo Policy").

30. Velcro of Mexico made a claim for the loss under the Cargo Policy, and IINA has paid the claim in accordance with its obligations under the Cargo Policy.

31. Velcro of Mexico's rights in regard to the loss have been subrogated and/or assigned to IINA.

## COUNT I
### Liability against Celtic International, LLC pursuant to 49 U.S. Code § 14706

32. Plaintiff repeats and realleges paragraphs one through thirty-one above as if stated herein.

33. The loss was caused by a carrier over whose line or route the Velcro spools were transported in the United States or from a place in the United States to a place in an adjacent foreign country under a through bill of lading.

34. IINA, as subrogee of Velcro of Mexico, is a person entitled to recover under the Bill of Lading.

35. Celtic is liable to IINA for the loss Pursuant to 49 U.S. Code § 14706.

**WHEREFORE**, the Plaintiff demands judgment against Celtic in the amount of $27,530.72, together with attorneys' fees, interest and costs.

## COUNT II
### Liability against Manchester Motor Freight, Inc. pursuant to 49 U.S. Code § 14706

36. Plaintiff repeats and realleges paragraphs one through thirty-five above as if stated herein.

37. The loss was caused by a carrier over whose line or route the Velcro spools were transported in the United States or from a place in the United States to a place in an adjacent foreign country under a through bill of lading.

38. IINA, as subrogee of Velcro of Mexico, is a person entitled to recover under the Bill of Lading.

39. MMF is liable to IINA for the loss Pursuant to 49 U.S. Code § 14706.

**WHEREFORE**, the Plaintiff demands judgment against MMF in the amount of $27,530.72, together with attorneys' fees, interest and costs.

## COUNT III
### Liability against CSX Transportation, Inc. pursuant to 49 U.S. Code § 11706

40. Plaintiff repeats and realleges paragraphs one through thirty-nine above as if stated herein.

41. The loss was caused by a rail carrier over whose line or route the Velcro spools were transported in the United States or from a place in the United States to a place in an adjacent foreign country under a through bill of lading.

42. IINA, as subrogee of Velcro of Mexico, is a person entitled to recover under the Bill of Lading.

43. CSX is liable to IINA for the loss Pursuant to 49 U.S. Code § 14706.

**WHEREFORE**, the Plaintiff demands judgment against CSX in the amount of $27,530.72, together with attorneys' fees, interest and costs.

## **DEMAND FOR TRIAL BY JURY**

The Plaintiff hereby demands trial by jury on each claim triable to a jury asserted or hereinafter asserted by the Plaintiff and on each defense or counterclaim triable to a jury asserted or hereinafter asserted by the Defendant.

Respectfully submitted,
Indemntity Insurance Company of North America,
as subrogee of Velcro de Mexico Sa DE CV,

By its Attorneys,

/s/ Paul F. Cavanaugh
Paul F. Cavanaugh, NH 17528
Daly Cavanaugh LLP
27 Mica Lane, Suite 202
Wellesley, MA 02481-1741
Tel. (781) 237-0600
Fax. (781) 237-6010
pfc@dalylaw.com

DATED: 07/22/2022